Chiee Justice Marshall
delivered the opinion of the Court.
This action of debt was brought by Tydings and •others upon an injunction bond executed under the penalty of $200 by Lucy Ann Mahan, executrix, and Daniel Keasy her surety, to enjoin a judgmnent, in the bill mentioned, with the condition showing that the Injunction was prayed for and obtained as executrix, and that the bond was to be void if the said Lucy Ann Mahan, as executrix aforesaid, and Daniel Keasy, or either of them, shall well and truly pay to Tydings, &c., or either of them, the amount of the judgment enjoined, and all damages and costs that may occur by reason of the injunction if found wrongful. The declaration, after setting out the bond and condition, avers that on the 22d day of December, 1848, by the decree of the Louisville Chancery Court, the injunction wyas found wrongful, and was dissolved with $10 60 damages, it being ten per cent, on the amount enjoined, and by said decree the said bill was dismissed, and the complainant decreed to pay the now plaintiffs their costs ($16 40) out of assets in her hands, as executrix aforesaid. And the breach alleged is, that the defendants, nor either of them, though well knowing the premises, and often so requested to do, have not paid the said judgment, nor the damages and costs aforesaid, or any part thereof, nor the said $200, &c. &c.
A demurrer to the declaration was overruled, and demurrers to four pleas, filed by the defendants, were sustained; and the defendants saying nothing further *352 in bar of the action, an enquiry of damages was had, and a judgment rendered against the defendants for the debt, in the declaration mentioned, to be discharged by the payment of $127 60, the damages assessed by the jury.
Ah injunction bond executed by an executor to injoin a judgment against him as such, is prima facie upon good consideration, and a plea averring only that it was without consideration is bad.
The pleas all aver, in terms more or less specific, that the injunction was obtained by said Lucy Ann, as executrix of R. P. Mahan, to enjoin a judgment against her in that character, founded upon anote of said Robbert P., and not upon any promise, undertaking, liability, or indebtedness, of said Lucy Ann; and that the bond sued on was executed for obtaining said injunction, and for no other consideration; and the first plea concludes that the same was executed without any good or valuable consideration. But upon the face of the declaration and bond, the suspension and delay of execution to be produced by the injunction were prima facie, at least a sufficient consideration for the execution of the bond. And there being nothing in this plea to show that it was not so, it was properly adjudged bad. This plea does not contain facts sufficient to defeat the action, if in any case an executor may be required to execute a bond as preliminary to obtaining an injunction against him in his fiducial capacity. We are not prepared to say that a bond may not be required as the condition of obtaining such an injunction, or that even if it should be more comprehensive than it need have been, it is therefore illegal and void, or without consideration.
The second plea, in addition to the facts already stated, avers, in substance, that the defendants executed the bond under the mistaken belief that said Lucy Ann, as executrix, could not obtain an injunction without executing such bond. This plea does not say that the bond was not required by the Chancellor as the condition of the injunction being granted. It therefore rests upon the single position implied in it, that an executor cannot be legally required to execute a bond on oblaining such an injunction as this, and that the. bond executed under such requisition is void.
Executors maybe required to execute injunction bonds: the statutes of 1796 and 1798 make no exceptions of executors obtaining injunctions.
This, as already said, we cannot admit. The statutes of 1796 and 1798 (Statute Law, 809-10,) make no exception or exemption, but require that when an injunction is ordered the complainant or complainants shall give bond, &c. And although there .may not be as much reason as in other cases for requiring bond -from an executor or administrator who has already executed bond under public authority for the due administration of the assets, it does not follow that they are to be excepted from the statute by construction, nor that they ought to b.e exempted by the Legislature, unless some further provision be made for the security of the creditor. Executors do not always give security for the performance of their duties, this being sometimes dispensed with by their' testators. And if it -is to be assumed that the security given upon the qualification of the executor or administrator is, in every instance, sufficient when he is received, it cannot be assumed that this continues invariably to be the case, or that as soon as the security becomes doubtful or insufficient, a new one is required and given, or that the executor or administrator seeking an injunction will disclose in his bill the fact either that he gave no security, or that the security given has become doubtful or insufficient.
Then conceding, as we are inclined to'do, that if an executor conceives that the interest of thé estate which he represents can only be maintained by suspending the proceedings of a particular creditor until the matter of right can be heard in equity, he should be allowed to obtain an injunction for this purpose upon the responsibility of the estate for whose benefit he is acting, and without incurring other responsibility on his part than for the due administration of the assets; still it would seem to be unreasonable that the creditor who is diligently prosecuting his remedy upon the assets, should be subject to the legal obstruction presented by an injunction, without special or direct security, that when the obstruction being found wrongful is removed, he will not find himself in a worse condition than if he *354 had not been impeded; and it would seem to be just and reasonable that the law which authorizes the obstruction for the benefit of the decedent’s estate should furnish an indemnity to the creditor by requiring from the repi’esentative of the estate a bond which shall secure the due application of the assets, whereby if his debt might and should have been paid if it had not been enjoined, it may, when the injunction is dissolved, still be paid together with the ordinary remuneration for the delay and expense which has -been incurred, so far as there were assets at the date of the injunction, or afterwards, which in the due course of administration should be applied to this purpose. Such a bond, it is true, would be but ancillary to the original executorial bond. But it would have specific relation to the debt enjoined, and would furnish a specific remedy and a specific security for the due application of thoassets, so far as that debt is concerned. Which, while as already shown, it seems to be in all cases proper, isormay in many cases be necessary for tho security of the creditor who is obstructed and delayed. And the law makes no discrimination between the cases, and furnishes no means for making it, on the ground of the previous security being or not being sufficient. Nor do we perceive any greater reason for not requiring this additional and specific security from an executor who has already given bond for a due administration, than there would be for not requiring new security from an individual who has already secured the debt.
Injunction bonds by executors should secure to the creditor all the rights and legal consequences resulting from an unsuccessful prosecution of tho injunction, thatex'istedatitsobtention, or followed its dissolution, to tho extent of assets at its obtention — and to that extent sho’d the surety be bound also.
*354 With these views of the subject, we are not prepared to follow the cases referred to in Virginia and Indiana, to the extent of determining that an executor or administrator is entitled to an injunction without entering into any new bond for the purpose. But we admit the force of those cases in demonstrating the impropriety of requiring the fiduciary to incur a direct personal responsibility for the debt of the estate which he represents as the condition of his obtaining an injunction for the protection of the estate from what he conceives to bo an inequitable and unjust demand. And as the stat *355 utes make no discrimination in the requisition that the complainant obtaining an injunction shall give bond, &c., the difference between the cases of an executor enjoining a judgment against him in that character which affects the assets only, and an individual enjoining a judgment for his personal debt, would seem to indicate, not that the bond should be altogether dispensed with in the former case, which would violate the letter of the statute, but that the bond should be adapted to the nature of the case and bind the executor and his surety, in case the injunction should be found wrongful and be dissolved, &c., to pay the judgr ment, &c., out of assets in the due course of administration, to the extent that the same might be properly applied thereto. Such a bond would secure the cred-tor against loss from a mal-administration of the assets to his prejudice during the pendency of the injunction, and in fact against any loss which might properly be attributed' to the improper suspension of his legal remedy. Such a bond binding the executor and his surety personally, so far as the debt enjoined is concerned, for the due administration of the assets from the date of the bond, and securing the creditor from loss by subsequent mal-administration to his prejudice, is all the security that he can justly demand from the law which authorizes the suspension of his remedy, and is all that in our opinion, the statute, construed with reference to the peculiarities of the case, intended to require or authorize.
This construction of the statute does hot sustain the second plea, which was properly adjudged to be insufficient, because it assumes that no bond should have been or could be required of the executor upon granting the injunction. But it is evident that to an action on a bond limiting the obligation of the obligors in the manner above desci'ibed, and in which, according to our construction the statute should be understood as limiting it in the case of executors and administrators, a plea of j)lene administravit, or a plea showing that the executor had no assets unadministered at the date *356 of the bond, nor at any time afterwards, would be a sufficient answer, since it would show that there had been no breach of the condition, but that there never had been any assets to’ which this bond could apply; or that if there'ev'er-.had been any, they had been duly and legally administered by appropriating them to other purpps.es. rightfully preferred to the plaintiff’s demand. Then- the third and fourth pleas, besides avering all the facts contained in the first and second, and others not nece'ssary to be noticed, go onto aver in the most positive and explicit terms, that the said Lucy 'Ann hath fully administered all the goods and chattels, money, effects, rights, and credits of the said R. P. Mahan which ever came to her hands, and that she had not, at the date of the bond, nor at the commencement of the suit in which the judgment enjoined was obtained, nor at any time afterwards, any goods, chattels, rights, credits, money, or effects, which were of the said Robert P. at the time of his death.
■' If th.e obligors are absolutely bound by the writing sued on, to pay the judgment, &c.,' in.case the injunction should be found wrongful and be dissolved, these pleas do not meet nor avoid this obligation, andaré no answer to the action. But if the obligation extends only to the due administration of the assets, and makes the obligors personally liable to the plaintiffs only to the extent of a mal-administration to their prejudice, then not only are these two pleas good, as showing that there has been no breach, and consequently that there is no personal liability for the judgment, &c., on the part-of the obligors, but the declaration is insufficient, because while it is grounded on the supposed personal liability of the obligors, and alleges for breach the nonpayment by them of the judgment, damages and costs, and of the penalty of the bond, it shows no fact which made them personally liable to pay any of these sums. If the defendants are personally liable only in case of the executor’s failure, by reason of mal-administration, to pay the judgment, &c., out of the assets, the deck- *357 ration should aver, in some form, the fact upon which their liability depends.
A declaration on an injunction bond given by an executor, to stay a judgment against him as such, should aver, in addition to the non-payment of the judgment, that there -were assets at its obtention and a waste thereot by the executor, or some other averment besides non-payment alone.
The question of the sufficiency of the pleas and of the declaration, is thus resolved int'o a question of construction of the’bond itself, or rather of the condition which shows the real duty and obligation of the parties. There is no doubt that the obligation to pay the penalty is personal upon the obligors, but it is subject to the condition underwritten, which shows that its whole object and purpose was to obtain the injunction therein referred to, that said injunction was 'obtained by the executrix as such; and that the bond was to be void if she, as executrix, should pay, &c. The condition does not recite the amount and character of the judgment as it should have done. But it may be fairly assumed, from the recitals just noticed, that the judgment was against the said Lucy Ann, as executrix only, which is rendered more certain by the decree, upon the dissolution, that she should pay the damages out of assets, which is stated in the declaration. And the pleas explicitly aver that the judgment was against her as executrix- — -and one of them goes on to state that it. was to be levied of assets; &c. But we think all this is to be assumed on the face of the declaration, and. indeed of the condition itself. And as the condition, though in form, expressing only the condition on which the bond is to be void, is, in fact, intended and understood to designate the duty to be secured by the .bond, and the failure of which is to constitute a breach of the condition, and thus to give a cause of action, the question is whether this condition, expressing theit the bond is to be void if the said Lucy Ann, as executrix; should, in case the injunction be wrongful, pay a judgment against her as executrix and enjoined by her as executrix, may not and should not be understood as referring wholly to her character and duty as executrix; and whether the provision that if, as executrix, she should pay, &c., the bond shall be void, does not import according to the usual office of the conditions annexed to bonds,- that the duty intended to be designated and *358 secured by the bond, was that of paying, as executrix, which must be in the due course of administration, and would of course bind her to pay only out of the assets, which according to the laws of administration were, or ought to have been, then in her hands, or which might aftewards come.
If such be the constructive effect of the bond, it would, as already shown, meet all the requisitions of justice and of the statute, securing to the creditor all that he can rightfully ask, and imposing no unjust or oppressive liability on the executrix and her surety-These considerations operate strongly in favor of such a construction, and whatever might be the case, if this were a private instrument executed between party and party, each having an equal right to prescribe its-terms and control its language, we are of opinion that, regarding it as an instrument drawn up for a particular purpose by a public officer under the command of the law, and executed by the parties, as must be presumed, in full confidence in the skill and fidelity of the officer, it should, if possible, be so construed as to accomplish its proposed objects under the law, of furnishing to the creditor the contemplated security, without imposing upon the other party any greater obligation than the law intends to impose, and which being greater than either the law or the occasion requires, would be at once unjust and oppressive. We are further of opinion that the condition of this bond, may and in view of the subject matter, and of its manifest object and consideration, and of the circumstances under which it was executed, and of the law requiring it, should be construed as imposing no other duty than that of paying, as executrix, out of assets, if there be any applicable to the debt enjoined, and that if there are no assets .thus applicable, the non-payment is no breach of the duty intended to be secured, and no breach of the condition of the bond.
In corroboration of these views and of the conclusion just stated, we refer to the case of Slaughter, &c. vs M'Clain, &c., (1 A. K. Marsh. 485,) in which the *359 Chief Justice, delivering the opinion of the Court, uesd the following language: “According to the statutory provisions of this State, a judgment, in most cases, against an executor or administrator, must be rendered to be levied of the estate of the testator or intestate, and there can be no doubt, where an injunction is obtained to stay proceedings upon such a judgment, that the executor or administrator should, in general, only be required to execute a bond to discharge the judgment, in case the injunction should be dissolved, out of the estate of the testator or intestate; and in an action upon a bond of that description, we apprehend plene aclministramt might well be pleaded.” And in a subsequent part of the opinion, in supporting the conclusion that in that case the obligors had bound themselves personally to pay the judgment, (which was said to be proper in some cases,) the Court says: “For the condition of the bond is not that Slaughter shall pay, as administrator, or that the payment shall be made out of the estate of the deceased, but they are both bound jointly and severally to pay the money without any limitation or restriction as to the-fund or the manner in which the payment is to be made.” The clear implication is that if the condition had been (as in this case) that Slaughter shall pay as administrator, the construction of the bond would have been different. And as the obligation of the surety is clearly not greater than that of the principal, both are entitled to the same construction and are subject to the saíne restricted and contingent liability.
Where the declaration is defective,a demurrer to pleas sho’d be overruled because of the defect in the declariiion.
It follows that the declaration should have been adjudged insufficient upon the demurrer to it, and that if it were drawn as it should be, the third and fourth pleas would each be a sufficient answer. And as the demurrers to each of the pleas reaches the declaration, the defendants were entitled to judgment on the demurrers, on the ground that the declaration is insufficient.
Wherefore, the judgment is reversed and the cause remanded with directions to overrule' the demurrers to the pleas on the ground that the .declaration is bad, *360 an(j unjess. the plaintiff should amend his declaration, to render judgment in bar of-the action.
Russeau Sf Elliott for plaintiffs; Morris for defendants.